UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

FRANK TETI

       Plaintiff,

v.

GORDON MANSFIELD,
Acting Secretary of the Department
of Veterans Affairs, and GEORGE
H. GRAY, JR., Network Director
of VISN 8, Department of Veterans
Affairs,

       Defendants.
_____/

Case No. 1-07-CV-230 SPM/AK

## COMPLAINT

Plaintiff, Frank Teti, by his attorney, alleges as follows:

1. The jurisdiction of this Court is invoked pursuant to 5 U.S.C. §702 to review a decision of George H. Gray, Jr. Network Director of VISN 8 of the Department of Veterans Affairs which denied plaintiff's grievance seeking to overturn the termination of his employment with the Department of Veterans Affairs.

2. This action is an appeal from a final administrative decision denying plaintiff's claim.

3. The final agency action was issued on October 18, 2007 and delivered to the plaintiff on October 25, 2007.

4. Plaintiff resides at 9625 SW 33rd Lane, Gainesville, Florida 32608.

5. The defendants are George H. Gray, Jr., who as VISN 8 Network Director for the Department of Veterans Affairs acted as the decision official, reviewed the report issued by the grievance examiner, and issued the final order appealed. Gordon Mansfield

is the Acting Secretary of the Department of Veterans Affairs, an agency of the federal government that was the plaintiff's employer until his removal effective December 8, 2006.

6. Plaintiff, who is a Registered Nurse, held a full time appointment as Associate Chief for Nursing Service, Nursing Home Care, at the Gainesville/Lake City VA Medical Center under 38 U.S.C. 7401(1). He had satisfactorily completed the probationary period required by 38 U.S.C. 7403(b) at the time the disciplinary action appealed herein was initiated.

7. In April 2006 an Administrative Investigation Board was convened under the authority of VA Handbook 0700 to investigate allegations that some employees had not been distributing snacks, and/or not assisting in the feeding of patients at meal times at the Nursing Home which was under the supervision of the plaintiff. At the completion of the investigation on August 4, 2006 a notice of proposed dismissal was issued to the plaintiff. The allegations against the plaintiff were that he created a hostile work environment for the female Nurse Managers and others that he supervised and that he had failed on several occasions to take reasonable follow-up actions to reports of patient abuse.

8. On November 29, 2006 a decision letter was issued to the plaintiff informing him that he would be removed effective December 8, 2006. The letter of removal informed the plaintiff that the allegations which resulted in his dismissal involved matters of professional conduct or competence and that he could appeal the decision to the Disciplinary Appeals Board and request a formal hearing before the board. Plaintiff timely filed a formal grievance and request for hearing before the Disciplinary Appeals

Board with the Office of Human Resource Management. On June 25, 2007, plaintiff was served with a decision in that appeal which determined that the charges against the plaintiff did not involve or include a question of professional conduct or competence and therefore was not within the jurisdiction of the Disciplinary Appeals Board. The notice further informed the plaintiff of his right to elect to file grievance under the procedures described in VA Handbook 5021, Part IV, Chapter 3.

9. The plaintiff timely filed a grievance under the agency grievance procedures described in VA Handbook 5021, Part IV, Chapter 3. An examiner was appointed who conducted a formal hearing and issued a written report containing the examiner's findings and recommendations which included the following:

   a. PROCEDURAL. The AIB (Administrative Investigation Board) does not have peer level expertise to address nursing issues: while the AIB had a supervisor expertise, this was not at the same level in grade, or subject matter of nursing. The use of the AIB as the sole basis for dismissal in charge B is compromised.

   b. CHARGE A. The evidence package does not substantiate the charge that Mr. Teti created a hostile work environment. Mr. Teti admits that on the occasion noted, he was wrong. While this activity is inappropriate, it does not meet the definition of creating a hostile work environment and the charge is not supported by the evidence.

   c. CHARGE B. The AIB and evidence package do not substantiate the charge.

9. The examiner recommended that the grievance be granted and the plaintiff's requested relief should be granted in full, including all fees and costs. The plaintiff had

requested a reversal of the action with full back pay, benefits, fees and costs and expungement of the records related to the action.

10. According to VA Handbook 5021, Part IV, Chapter 3, Section 13:

Upon receipt of the grievance examiner's report of findings and recommendations, the decision official will accept, modify, or reject the examiner's recommendations(s) and issue a written decision to the employee within 15 days after the recommendation is received.... (1) If the decision official modifies or rejects the examiner's recommendation(s), the written decision will include a specific statement of the reasons(s) for the modification or rejection. Modification or rejection of recommendations of the grievance examiner will be limited to the following grounds: (a) The recommendation(s) are contrary to law, regulation, or published Department policy; and/or (b) The recommendation(s) are not supported by the preponderance of the evidence.

11. By letter dated October 18, 2007, and delivered to the plaintiff and undersigned counsel on October 25, 2007, George H. Gray, Jr. issued a written statement which rejected the examiner's recommendations. The reason stated was that "the recommendations were not supported by the preponderance of the evidence."

12. The agency failed to comply with its own procedural requirements.

13. The agency's actions in removing the plaintiff and rejecting the findings and recommendations of its own grievance examiner were arbitrary, capricious and an abuse of discretion.

WHEREFORE, plaintiff prays that this court:

1. find that plaintiff is entitled to the relief recommended by the grievance examiner; and

2. award attorney's fees under the Equal Access to Justice Act, 28 U.S.C. §2412(d), on the grounds that the agency's action in this case was not substantially justified; and

3. order such other and further relief as the Court deems just and proper.

Dated at Gainesville, Florida, this __8__ day of November, 2007.

*Carla D. Franklin*
Carla D. Franklin
Attorney for Plaintiff
Florida Bar No. 504092
4809 SW 91st Terr.
Gainesville, FL 32608
Telephone: (352) 376-1384
Facsimile: (352) 337-2674
Email: cdfranklin@gmail.com